IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDERO AMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-848-MAB |
| ) | |
| ) | |
| ANTHONY D. WILLS, JANE DOE ) | |
| MEDICAL STAFF, JOHN DOE TACT ) | |
| TEAM MEMBERS, and ADJUSTMENT ) | |
| COMMITTEE MEMBERS, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

Plaintiff Cordero Amos, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. In the Complaint, Amos alleges excessive force, due process violations, and retaliation from various officials at Menard.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

1

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Amos makes the following allegations: On November 24, 2020, Amos and his cellmate were taken out of their cell by tactical team members (Doc. 1, p. 6). Amos does not identify the names of the tactical team or the number of officers that removed him from his cell. He only indicates that Sergeant Jackson gave the order to have him removed and sent to segregation (*Id.*). Amos alleges that after being removed from the cell, he was beaten unconscious by the tactical team officers (*Id.*). He was then sent to segregation and issued a disciplinary ticket. Amos alleges that Sergeant Jackson served on the adjustment committee during his disciplinary hearing, which Amos alleges was inappropriate. As a result, he was sentenced to segregation for over a year and a half (*Id.*).

Amos also alleges that he was injured during the encounter with the tactical team and requires physical therapy on his shoulder from the injury. He alleges that he was denied medical treatment for the injury and alleges that the denial of medical care was a form of punishment (*Id.*).

## Discussion

Simply put, there are a number of issues with Amos's Complaint. Although he appears to be alleging an excessive force claim, due process violations, and some type of medical claim, Amos fails to provide enough facts to state any claim. A complaint must

2

contain "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at 555). In order to state a claim, a plaintiff must include "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). As to his due process claim, he states that Sgt. Jackson was both the officer who sent him to segregation and on the adjustment committee that found him guilty. But Amos does not even identify Jackson as a defendant in the case. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). As to his deliberate indifference and/or retaliation claim for his medical care, Amos merely states the medical staff were wrong and that the denial of treatment was a form of punishment. But he fails to allege when he sought treatment, who he sought treatment from, and how such treatment was denied. He also states that the warden was wrong but fails to identify what actions and/or inactions Warden Wills took which violated his constitutional rights.

  Further, Amos fails to identify any defendant associated with his claims. Instead, Amos attempts to bring claims against groups of individuals. Although he may certainly allege claims against identified John Does (i.e., John Doe #1, John Doe #2), he includes generic groups including tact team officers, adjustment committee members, and medical staff. Those claims are too generic to survive threshold review as he does not describe them or even state the number of them.

Thus, the Court finds that Amos fails to state a claim. His Complaint is **DISMISSED without prejudice**. The Court **GRANTS** Amos leave to file a First Amended Complaint. Amos is reminded that his First Amended Complaint should include "the who, what, when, where, and how…" of his claims. *DiLeo*, 901 F.2d at 627. The First Amended Complaint should identify who violated his constitutional rights by name, if known, and should include a description of how his rights were violated. Although he may identify John Does, he should identify them as individuals (John Doe #1, John Doe #2, etc.) and provide information as to what actions each one specifically took which violated his constitutional rights.

### Pending Motions

As to Amos's motion for counsel (Doc. 3), he states that he has sent letters to multiple law firms and he has a limited education. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[2] Further, the Court finds that Amos is capable of drafting an Amended Complaint on his own. Thus, counsel is not needed at this time and his motion is **DENIED**.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

## Disposition

**IT IS HEREBY ORDERED** that Amos's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Amos is **GRANTED** leave to file a "First Amended Complaint" on or before **June 12, 2023**. Should Amos fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Amos's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Amos must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Amos is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Amos elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Amos is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/15/2023**

>  */s/ Mark A. Beatty*
>  **MARK A. BEATTY**
>  **U.S. Magistrate Judge**