IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORDERO AMOS,

      Plaintiff,

v.                                                                         Case No. 23-cv-848-MAB

ANTHONY WILLS, SERGEANT
JACKSON, JAMES, BRUMLEVE,
ROYSTER, WINE, DULANEY, JOSHUA
A. SCHOENBECK, WALKER, JOHN
DOE #1, and ADEWALE KUFORIJI,

      Defendants.

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Codero Amos, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. Amos's original Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim and he was granted leave to file an amended pleading. In the Amended Complaint (Doc. 12), Amos alleges excessive force, due process violations, medical claims, and conditions of confinement claims.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

In his Amended Complaint, Amos makes the following allegations:  On November 24, 2020, Amos had a verbal altercation with Sergeant Jackson in front of his cell (Doc. 12, p. 7). Jackson threatened Amos with segregation time. Jackson then ordered the tactical team to extract Amos and his cellmate from their cell (*Id*.). Tactical team members Jones, Dulaney, Wine, Brumleve, and Royster extracted Amos, placed him in mechanical restraints, and then beat Amos unconscious (*Id*.). Amos received lacerations to his face and an injury to his shoulder.

Amos was issued a disciplinary ticket. On December 1, 2020, Amos appeared before the adjustment committee where Jackson served as a member. Amos objected to Jackson serving on the committee, but members Jackson, Schoenbeck, and Walker denied his objections and found him guilty (*Id*.). Amos alleges that his due process rights were violated when Jackson served on the committee because he was not an impartial decisionmaker (*Id*.). Amos received eighteen months in segregation. While in segregation, Amos alleges that he was placed in an unsanitary cell which was covered in

---

Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and this Court.

bodily fluids. He was not provided with adequate cleaning materials. Amos alleges that he informed Wills and Adewale Kuforiji of the conditions but he remained in the allegedly inhumane conditions through his entire stint in segregation (*Id.*).

Amos sought medical treatment for his injuries and submitted numerous sick call requests. He wrote Warden Wills a letter seeking treatment, but Wills did not place Amos on the list to be seen by doctors. Defendant Doe, who Amos alleges was a medical practitioner, also never placed Amos on the list to be seen in the healthcare unit (*Id.* at p. 8).

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** **Eighth Amendment cruel and unusual punishment claim against Jackson, Jones, Dulaney, Wine, Brumleve, and Royster for the use of excessive force on November 24, 2020.**

**Count 2:** **Fourteenth Amendment due process claim against Jackson, Schoenbeck, and Walker for allowing Jackson to remain on the adjustment committee despite Jackson lacking impartiality.**

**Count 3:** **Eighth Amendment deliberate indifference claim against John Doe #1 and Anthony Wills for failing to provide Amos with medical care for his injuries stemming from the use of force.**

**Count 4:** **First Amendment retaliation claim against John Doe #1 and Anthony Wills for failing to provide Amos with medical care.**

**Count 5:** **Eighth Amendment deliberate indifference to conditions of confinement claim against Anthony Wills and Adewale Kuforiji for failing to remedy the conditions Amos experienced in segregation.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Amos states an Eighth Amendment excessive force claim against Jackson, Jones, Dulaney, Wine, Brumleve, and Royster in Count 1. He also states a claim in Count 2 against Jackson, Schoenbeck, and Walker for failing to have impartial decisionmakers on the adjustment committee. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974) (Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed.).

The Court finds that Amos also states a claim in Count 3 against Warden Wills for failing to provide him with medical care for his injuries. Amos alleges that he wrote Warden Wills seeking medical care and never received a response or medical care. He

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

attaches a letter he sent to Wills on December 13, 2020 informing Wills that he was badly injured and had not received any care (Doc. 12, p. 45). Amos offers enough allegations, at this stage, to survive Section 1915A review. Amos, fails, however to state a claim against John Doe #1 for deliberate indifference to his medical care. He merely states in conclusory fashion that John Doe #1 never put Amos in to be seen for his injuries but there are no factual allegations to suggest when Amos requested care from John Doe #1. Thus, Count 3 is **DISMISSED** as to John Doe #1.

Similarly, Amos fails to state a claim against either Warden Wills or John Doe #1 for retaliation in Count 4. Although Amos states in conclusory fashion that he was denied medication treatment as a form of retaliation, he fails to offer any factual allegations to support such a claim. "First Amendment retaliation cases require the petitioner to show that the speech or activity was constitutionally protected, a deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). Amos fails to point to any constitutionally protected activity that led to the alleged denial of medical care. Nor has Amos alleged that any speech or activity that he participated in was a motivating factor in the denial of medical care. Thus, Count 4 is **DISMISSED without prejudice**.

As to Count 5, the Court finds that Amos states a claim as to Anthony Wills but not as to Adewale Kuforiji. Exhibits to Amos's Amended Complaint include a letter to Warden Wills about the conditions in segregation (Doc. 12, p. 46). There are no such allegations or exhibits in the Amended Complaint to suggest that Adewale Kuforiji had

5

any personal knowledge of the conditions in Amos's cell. Amos notes that Kuforiji was a member of the Administrative Review Board ("ARB") (*Id*. at p. 3). To the extent that Amos wrote any grievances about the conditions in his cell, the mere denial of a grievance by Kuforiji does not state a claim for deliberate indifference. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Thus, the claim against Kuforiji is **DISMISSED without prejudice**.

## <u>Disposition</u>

For the reasons stated above, Count 1 shall proceed against Jackson, Jones, Dulaney, Wine, Brumleve, and Royster. Count 2 shall proceed against Jackson, Schoenbeck, and Walker. Counts 3 and 5 shall proceed against Anthony Wills but are **DISMISSED without prejudice** as to John Doe #1 and Adewale Kuforiji. Count 4 is also **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Jackson, Jones, Dulaney, Wine, Brumleve, Royster, Schoenbeck, Walker, and Anthony Wills: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Amos. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the

Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Amos, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Amos, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Amos is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/21/2023**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**