IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDERO AMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-848-MAB |
| | ) |
| ANTHONY WILLS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is a Motion to Dismiss for Lack of Prosecution filed by Defendants Anthony Wills, Sandy Walker, Matthew Dulaney, Philip Royster, Cale Wine, Joshua Schoenbeck, Anthony Jones, Kyle Brumleve, and Terrance Jackson (Doc. 48). For the reasons set forth below, Defendants' Motion to Dismiss is DENIED (Doc. 48).

### BACKGROUND

Plaintiff Cordero Amos, an inmate within the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brought this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was at Menard Correctional Center (*see* Docs. 1, 12). On the same day Plaintiff filed his original Complaint, the Court advised Plaintiff of his obligation to notify the Court within seven days of any change to his address (Doc. 4). Plaintiff's original Complaint (Doc. 1) was subsequently dismissed without prejudice during the Court's preliminary review conducted pursuant to 28 U.S.C. § 1915A (Doc. 11) and Plaintiff filed

an Amended Complaint on June 8, 2023 (Doc. 12). The Amended Complaint passed the Court's preliminary review and proceeded on the following claims:

> **Count 1:** Eighth Amendment cruel and unusual punishment claim against Jackson, Jones, Dulaney, Wine, Brumleve, and Royster for the use of excessive force on November 24, 2020.
>
> **Count 2:** Fourteenth Amendment due process claim against Jackson, Schoenbeck, and Walker for allowing Jackson to remain on the adjustment committee despite Jackson lacking impartiality.
>
> **Count 3:** Eighth Amendment deliberate indifference claim against … Anthony Wills for failing to provide Amos with medical care for his injuries stemming from the use of force.
>
> **Count 5:** Eighth Amendment deliberate indifference to conditions of confinement claim against Anthony Wills … for failing to remedy the conditions Amos experienced in segregation.

(Doc. 13, pp. 3-6). The Court's Preliminary Review Order also advised Plaintiff of his continuing obligation to notify the Court and each opposing party of any change to his address within seven days (*Id.* at p. 7).

In February 2024, Defendants withdrew their affirmative defense of failure to exhaust administrative remedies (Docs. 37, 39). Accordingly, the Court entered a Final Scheduling Order that established dates for discovery and dispositive motions (Doc. 40). Thereafter, on December 17, 2024, Defendants filed the instant Motion to Dismiss for Lack of Prosecution (Doc. 48), along with several supporting exhibits (Docs. 48-1, 48-2). Two weeks later, on December 30, 2024, Plaintiff filed a Motion to Appoint Counsel (Doc. 49). Finally, on January 29, 2025, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. 51).

## DISCUSSION

Defendants' Motion to Dismiss seeks dismissal of this action based upon Plaintiff's failure to prosecute and comply with the Court's Orders (Doc. 48). More specifically, Defendants contend that when they attempted to schedule Plaintiff's deposition, they learned Plaintiff had transferred from Pontiac Correctional Center to Lawrence Correctional Center on August 7, 2024 (*Id.* at p. 2; *see also* Docs. 48-1, 48-2). However, Plaintiff did not notify the Court or Defendants of his address change, even though he had been ordered to do so within seven days of any address change (*see* Doc. 13 at p. 7). Consequently, Defendants argue this action should be dismissed based upon Plaintiff's failure to comply with the Court's Orders (Doc. 48). In response, Plaintiff contends that the delay in updating his address following his transfer to Lawrence was not within his control because he was not able to access his legal materials after the transfer due to lockdowns, staff shortages, and restricted law library access (Doc. 51).

Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of an action based upon the failure to prosecute or comply with a court order. Pertinently, however, "[d]ismissal for want of prosecution 'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing.'" *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (quoting *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008)). The Seventh Circuit has explained that the appropriateness of this measure requires a case specific inquiry, looking at relevant factors such as, "the frequency of the plaintiff's failure to comply with deadlines; whether

the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents." *Id.*

As applied to the facts of this case, the Court finds the majority of these factors weigh against dismissal. For one, Plaintiff's Response explains that his failure to comply with the Court's Orders was due to circumstances outside of his control such as lockdowns, understaffing, and limited law library access (Doc. 51). Admittedly, the Court questions why Plaintiff did not file a Notice of Change of Address as soon as he gained access to Lawrence's law library and his legal materials on December 23, 2024 (*see Id.*), especially in light of the fact that he filed a Motion to Appoint Counsel just one week later (which the Court presumes he prepared on December 23, 2024) (*see* Doc. 49). Nevertheless, as Defendants have not challenged this point further and in recognition of the challenges Plaintiff faces as an incarcerated, *pro se* litigant, the Court finds Plaintiff has demonstrated good cause for at least the majority of his delay. As such, this factor weighs slightly against dismissal.

Several other factors also weigh against dismissing this action. Most significantly, this is the first and only time Plaintiff has failed to comply with a Court order. *Kasalo*, 656 at 561. Additionally, the delay in notice has not had an adverse impact on the undersigned's calendar. *Id.* Likewise, while the Court reaches no conclusion as to the overall merits of Plaintiff's suit, it is relevant that Plaintiff's Amended Complaint was deemed sufficient to pass preliminary review (*see* Doc. 13).

Admittedly, Defendants may have experienced some prejudice when they were unable to timely schedule Plaintiff's deposition due to his failure to update his address (*see* Doc. 48 at p. 2). However, this factor alone does not outweigh the other factors discussed above. Furthermore, while Plaintiff was previously warned of the consequences of his failure to update his address (*see, e.g.*, Doc. 13 at p. 7), he was never explicitly warned of those consequences in response to any non-compliance. *See Kasalo*, 656 F.3d at 562 ("[W]e have required courts to warn a plaintiff that she is on thin ice before the case is thrown out."); *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993) ("A district judge's standing order that merely repeats, what is anyway well known, that dismissal for failure to prosecute is a possible sanction for failing to comply with the schedule set by the court is too general."). For all these reasons, the Court DENIES Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 48).

However, Plaintiff is WARNED that any future failure to comply with the Court's Orders to timely notify the Court and Defendants of any address change may result in the sanction of dismissal. Furthermore, if Plaintiff encounters any future circumstances that are outside of control and adversely impact his ability to timely comply with the Court's Orders, he must notify the Court as soon as possible of those circumstances.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss for Lack of Prosecution is **DENIED** (Doc. 48). However, Plaintiff is **WARNED** that this action may be dismissed for the failure to prosecute if he is responsible for any future failure to comply with the Court's Orders to notify the Court and Defendants within **seven days** of

any change to his address (*see* Docs. 4, 13).

In light of the above ruling, Defendants are INSTRUCTED to file a Status Report with the Court, on or before September 3, 2025, which informs the Court as to what discovery remains, if any, so the Court may amend the Final Scheduling Order to set new deadlines for any remaining discovery (if applicable) and dispositive motions.

**IT IS SO ORDERED.**

**DATED: August 20, 2025**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**